UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Jonathan Shafmaster</u>
<u>Carol Shafmaster</u>

   v.                              Case No. 09-cv-238-PB
                                      Opinion No. 2011 DNH 011
<u>United States of America</u>



                         <u>MEMORANDUM AND ORDER</u>

    The government seeks summary judgment with respect to the Shafmasters' claims for a refund of a failure-to-pay penalty. The question presented by the motion is whether the government has established that notice and demand for payment was made as is required by 26 U.S.C. § 6651(a)(3).

    I determined in a prior order that the government could not base a request for summary judgment on the presumption of correctness that attaches to an IRS Form 4340 certification because the Shafmasters deny that they received notice and demand and because other government records include an unexplained notation stating "SEND ALL COPIES OF BILL TO / APPEALS ADDRESS ABOVE / <u>DO</u> <u>NOT</u> <u>BILL</u> <u>TAXPAYER</u>."  (Doc. No. <u>29-2</u>). The government's current motion seeks to address this problem by arguing that the government complied with the notice and demand

requirement by sending the Shafmasters an IRS Form 3552 on September 10, 2001.  I reject this argument for two reasons.  First, the IRS Form 3552 that the government has produced does not on its face appear to make a demand for payment.  Second, the evidence that the government has produced to support its contention that the Form 3552 was sent to the Shafmasters does not establish that the form was sent as the government claims.  Accordingly, I cannot conclude on the basis of the evidence supplied by the government that the IRS sent notice and demand for payment of the failure-to-file penalty on September 10, 2001.

The government has produced a "Notice of Federal Tax Lien," that may well satisfy the notice and demand requirement.  That document, whose cover letter states that it was sent on October 8, 2002, lists the unpaid balance for the relevant tax year and notes the date of that assessment as September 10, 2001.  It states, "We have made a demand for payment of this liability, but it remains unpaid," and also that the "IRS will continue to charge penalty and interest until you satisfy the amount you owe."  (Doc. No. 33-10 at 4).  Thus, the lien document, the

receipt of which is not disputed by the Shafmasters, appears to provide the statutorily required notice and demand.[1]

    Because, however, the government has failed to present a developed argument that the lien satisfies its obligation to issue notice and demand, the Shafmasters have not had a fair opportunity to argue that the lien cannot satisfy the notice and demand requirement.  Accordingly, I cannot grant the government's motion for summary judgment on the basis of the notice of tax lien.  Instead, the government shall submit a new summary judgment motion within 30 days that fully articulates its argument that the notice of tax lien qualifies as a notice and demand for payment.  The Shafmasters will then have the chance to file an objection.

    Defendants' motion for summary judgment (Doc. No. 33) is denied.

---

[1] The government asserts that even if the date of notice and demand was in October 2002 –- the date of the lien notice -- rather than September 2001, the "failure-to-pay penalty would have fully matured." (Def.'s Mot. Summ. J. at 14, Doc. No. 33-1).  I assume the government to be representing that the penalty amount would be unaltered even if notice and demand did not occur until the later date.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

January 17, 2012

cc: James E. Higgins, Esq.
James E. Brown, Esq.
W. Damon Dennis, Esq.

4